UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  09/02/2015
```

-------------------------------------------------------------------X

AKEN GONQUEH, *on behalf of himself and all others*   :
*similarly situated,*   :
  :
                               Plaintiff,   :          1:14-cv-5883-GHW
                -v -   :
  :
LEROS POINT TO POINT, INC., LEROS   :
MANGEMENT, INC., JOHN NYIKOS, JEFFREY   :
NYIKOS, and CHRISTOPHER NYIKOS,   :
  :
                     Defendants.   :

-------------------------------------------------------------------X

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION SETTLEMENT PROCEDURE

The above-entitled matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Settlement, Provisional Certification of the Settlement Class, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Plaintiff's Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendants agreed, for settlement purposes only, not to oppose the motion.

### I.       Preliminary Approval of Settlement

1.       Based upon the Court's review of the Plaintiff's Memorandum of Law in Support of the Motion for Preliminary Approval, the Declaration of Brian S. Schaffer ("Schaffer Decl.") and all other papers submitted in connection with Plaintiff's Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiff Aken Gonqueh and Defendants Leros Point To Point, Inc., Leros Management, Inc., John Nyikos, Jeffrey Nyikos, and Christopher Nyikos, ("Defendants"), attached to the Schaffer Decl. as Exhibit A.

2.      Courts have discretion regarding the approval of a proposed class action settlement. *Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1998).  "In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks." *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693 (PGG), 2013 WL 1832181, at *1 (S.D.N.Y. Apr. 30, 2013) (citation omitted); *Hernandez v. Anjost Corp.*, No. 11 Civ. 1531 (AT), 2013 WL 4145952, at *1 (S.D.N.Y. Aug. 14, 2013).

3.      Preliminary approval, which is what Plaintiff seeks here, is the first step in the settlement process.  It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement.  After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.  *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216 (WHP) (RLE), 2013 WL 4734818, at *1 (S.D.N.Y. Sept. 3, 2013).

4.      Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties.  *Tiro v. Pub. House Invs., LLC*, No. 11 Civ. 7679 (CM), 2013 WL 2254551, at *1 (S.D.N.Y. May 22, 2013); *Clark v. Ecolab, Inc.*, No. 07 Civ. 8623 (PAC), 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009).  Courts often grant preliminary settlement approval without requiring a hearing or a court appearance.  *Sukhnandan*, 2013 WL 4734818, at *1 (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits).  To grant preliminary approval, the court need only find that there is "'probable cause' to submit the [settlement proposal] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980).  "If the proposed settlement appears to fall within the range of possible approval, the court should order that the class members receive notice of the settlement." *Yuzary*, 2013 WL 1832181, at *1 (internal quotation marks and citation omitted).

5.      The Court concludes that the proposed Settlement Agreement is within the range of

possible settlement approval, such that notice to the Class is appropriate.

6.      The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

**II.     Conditional Certification of the Proposed Rule 23 Settlement Class**

7.      For settlement purposes only, the Court provisionally certifies the following class under Fed. R. Civ. P. 23(e) (the "Class"):

> All persons who worked at Leros Point to Point, Inc. and/or Leros Management, Inc. as full-time, black car, W2 chauffeurs in New York between July 30, 2008 and June 1, 2015.

8.      For settlement purposes only, Plaintiff meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).  At this preliminary stage, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(1) because there are approximately 270 class members and, thus, joinder is impracticable.  *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (stating that numerosity is presumed at a level of 40 members).

9.      Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because Plaintiff and class members all bring nearly identical claims arising from Defendants' alleged uniform violations of the FLSA and NYLL for failure to pay appropriate overtime pay and provide proper wage notices.

10.     Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiff's claims arise from the same factual and legal circumstances that form the bases of the class members' claims. Defendants alleged violations of law were the result of the same company policy and pattern or practice of failing to properly compensate Plaintiff and class members.  Plaintiff also claims the same injuries as do class members—that Defendants failed to properly pay them in accordance with the FLSA and NYLL.  Accordingly, Plaintiff satisfy the typicality requirement.  *See Hernandez*, 2013 WL 4145952, at *3 (typicality satisfied where "Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims"); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 616 (S.D.N.Y. 2012) (same).

11.     At this preliminary stage, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the named Plaintiff and Class Members' interests are at odds. *See O'Dell v. AMF Bowling Ctrs., Inc.,* No. 09 Civ. 759 (DLC), 2009 WL 6583142, at *2 (S.D.N.Y. Sept. 18, 2009) (finding that the plaintiffs satisfied Fed. R. Civ. P. 23(a)(4) "because Plaintiffs' interests [were] not antagonistic or at odds with class members"). In addition, Plaintiff's Counsel, Fitapelli & Schaffer, LLP ("F&S") meet Rule 23(a)(4)'s adequacy requirement because they "are experienced and well-qualified employment lawyers and class action lawyers and have particular expertise in prosecuting and settling wage and hour class actions." *Yuzary*, 2013 WL 1832181, at *5 ("F&S is experienced in representing workers in wage and hour class actions and has served as lead counsel in numerous wage and hour class and collective actions.").

12.     Plaintiff satisfies Federal Rule of Civil Procedure 23(b)(3). Plaintiff's and class members' common factual allegations and legal theory—that Defendants violated federal and state wage and hour law—predominate over any variations among class members. *See Tiro v. Pub. House Invs., LLC*, 288 F.R.D. 272, 281 (S.D.N.Y. 2012) (finding the predominance standard met where the overarching issue was "whether Defendants failed to pay their employees at each restaurant in accordance with the law"). In addition, "the class action devise is superior to other methods available for a fair and efficient adjudication of the controversy," because the class device will achieve economies of scale, conserve judicial resources, preserve public confidence in the integrity of the judicial system by avoiding the waste and delay of repetitive proceedings, and prevent inconsistent adjudications of similar claims. *Green v. Wolf Corp.*, 406 F.2d 291, 301 (2d Cir. 1968); *see, e.g., Morris*, 859 F. Supp. 2d at 617; *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008).

### III.     Appointment of Plaintiff's Counsel as Class Counsel

13.     For settlement purposes only, the Court appoints F&S as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).

14.     F&S did substantial work identifying, investigating, prosecuting and settling the claims,

has substantial experience prosecuting and settling wage and hour class actions, are well-versed in wage and hour and class action law, and are well-qualified to represent the interests of the class.

15. Courts have found F&S to be adequate class counsel in wage and hour class and collective actions. *See, e.g., Flores v. One Hanover, LLC*, No. 13 Civ. 5184 AJP, 2014 WL 632189, at *4 (S.D.N.Y. Feb. 18, 2014) ("[F&S] did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.").

## IV.   Notice

16. The Court approves the proposed Notice of Proposed Class Action Settlement ("Class Notice"), Dkt. No. 46-1, provided that the description of the proposed class contained in the Class Notice is modified so as to be consistent with the class description set forth in this order at paragraph 7. The Court orders the parties to make this modification no later than September 3, 2015. Once this modification has been made, the Court directs that the modified Class Notice be distributed to the Class. The content of the Class Notice fully complies with due process and Fed. R. Civ. P. 23(c)(2)(B). Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> [T]he best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires;(v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The Class Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 46, 52 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

**V.      Class Action Settlement Procedure**

17.     The Court hereby adopts the following settlement procedure:

a.      Within 11 days of the entry of this order, Defendants will provide the claims administrator with a list in electronic form of the names, last known addresses, last known telephone numbers, dates of employment, and social security numbers for all putative class members (the "Class List") (Plaintiff's counsel will also receive a copy of the Class List);

b.      The claims administrator shall mail the Class Notice to all class members within 14 days of receiving the Class List from Defendants;

c.      Class members will have 45 days after the date the Class Notice is mailed to opt out of or object to the settlement;

d.      Plaintiff will file a Motion for Final Approval at least 14 days prior to the fairness hearing;

e.      The Court will hold a final fairness hearing on **Monday, December 14, 2015 at 11:00 a.m.**, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 12C.

SO ORDERED.

Dated:  September 2, 2015
New York, New York

_____
GREGORY H. WOODS
United States District Judge