UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AKEN GONQUEH, *on behalf of himself and all others similarly situated*,

                              Plaintiff,

-v-

LEROS POINT TO POINT, INC., LEROS MANAGEMENT, INC., JOHN NYIKOS, JEFFREY NYIKOS, and CHRISTOPHER NYIKOS,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/26/2016

1:14-cv-5883-GHW (GWG)

## ORDER GRANTING FINAL APPROVAL
## OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND JUDGMENT

      This matter comes before the Court on Plaintiff's Unopposed Motion for Final Approval of Class and Collective Action Settlement, by and through their counsel, Fitapelli & Schaffer, LLP ("Class Counsel") for an order and judgment finally approving the Parties' Settlement Agreement ("Settlement Agreement") (**Exhibit ("Ex.") A**, Schaffer Declaration ("Schaffer Decl."), Dkt. No. 55) and dismissing with prejudice all claims asserted in this action by the Plaintiff including Defendants' failure to pay full time, black car, W2 chauffeurs for Leros Point to Point, Inc. and Leros Management, Inc. overtime compensation in violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law, §§ 650, et seq. ("NYLL") and other statutory penalties.

      This matter also came on for hearing before the Honorable Gregory H. Woods, U.S.D.J., on February 16, 2016, in order for this Court to conduct a final fairness hearing to determine, among other things, whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate; to address Class Counsel's applications for an award of attorneys' fees, costs, and expenses, in an amount not to exceed one-third (33 and 1/3%) for fees and $2,365.65 in costs (to be paid from the Maximum Gross Settlement Amount); for Service Awards to the Named and to two Opt-In

Plaintiffs (to be paid from the Maximum Gross Settlement Amount); and Class Counsel's request for the payment of the Class Administrator's fees (as defined in the Settlement Agreement) from the Maximum Gross Settlement Amount.

**WHEREAS**, Plaintiff and Defendants Leros Point to Point, Inc., Leros Management, Inc., John Nyikos, Jeffrey Nyikos, and Christopher Nyikos (collectively "Defendants") have entered into a Settlement Agreement intended to resolve the claims asserted in this action; and

**WHEREAS**, the Settlement Agreement sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of the claims asserted against the Defendants in this action; and

**WHEREAS**, for purposes of settlement only, the Plaintiff seek the final certification of the following opt-out settlement class pursuant to Fed. R. Civ. P. 23:

> New York State Law Settlement Class: Any and all persons employed by Defendants as full time, black car, W2 chauffeurs in New York State from July 30, 2008 to June 1, 2015 (as agreed between the Parties per the Settlement Agreement).

**WHEREAS**, on September 2, 2015, this Court entered an order (Dkt. No. 47) ("Preliminary Approval Order"): (1) adjudging the terms of the Settlement Agreement to preliminarily be fair, reasonable and adequate, and in the best interests of the Plaintiff, Opt-In Plaintiffs, and members of the Settlement Classes, and directing consummation of its terms and provisions; (2) conditionally certifying the full time, black car, W2 chauffeur FLSA Settlement Class pursuant to Section 216(b) of the FLSA and conditionally certifying the full time, black car, W2 chauffeur New York State Law Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only; (3) approving, as to form and content, the proposed Settlement Notice and authorizing the first-class mailing of the Settlement Notice to all members of the Settlement Classes; (4) appointing Fitapelli & Schaffer, LLP as Class Counsel for the Settlement Classes pursuant to Section 216(b) of the FLSA and Federal Rule of Civil Procedure 23; (5) setting a forty-five (45) calendar day deadline (from the

date the Settlement Notices are postmarked to members of the Settlement Classes) for the requests for exclusion or objections; and (6) scheduling a Final Approval Hearing for December 14, 2015.

**WHEREAS**, this Court on November 3, 2015 ordered Class Counsel to issue and approved the form of Summary Notices to the members of the Settlement Classes which included new dates for the members of the Settlement Classes to file any exclusions or objections as well as informed members of the Settlement Classes of the new date for the Final Approval Hearing of February 16, 2016.

**WHEREAS**, the Plaintiff has requested that the Court now enter a Final Approval Order and Judgment: (i) granting Final Judgment on the Released Claims; (ii) giving final approval to the Settlement Agreement because it falls within the range of reasonableness, and in the best interests of Plaintiff and the members of the Settlement Classes, and directing consummation of its terms and provisions; (iii) approving Class Counsel's application for an award of Class Counsel's fees, costs, and expenses; (iv) approving Plaintiff's request for Service Awards; (v) approving payment of the Claims Administrator's fees, as defined in the Settlement Agreement, from the Maximum Gross Settlement Amount, for its services in administering the Settlement; (vi) certifying the Settlement Classes for purposes of settlement only; (vii) dismissing the Released Claims from the Litigation on the merits and with prejudice and permanently enjoining all members of the Final Settlement Classes from prosecuting against Defendants and the Released Persons any Released Claims; and (viii) asserting and retaining jurisdiction over the claims alleged, the Parties in the Litigation, and the implementation and administration of this Settlement Agreement.

**WHEREAS**, the Court has before it Plaintiff's Unopposed Motion for Final Approval of Class And Collective Action Settlement ("Plaintiff's Motion") and papers in support thereof, together with the Settlement Agreement; and

**WHEREAS**, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement are the result of good faith, arms' length settlement negotiations between competent and experienced counsel for both the Plaintiffs and Defendants.

**WHEREAS**, having reviewed and considered the Settlement Agreement, Plaintiff's Motion, the Declaration of Brian S. Schaffer and the exhibits thereto, including the Declaration of Troy Walitsky of Angeion Group (the "Claims Administrator"), and other materials filed in support of Plaintiff's Motion, and otherwise being fully informed in the premises and having heard and considered the argument of counsel, the Court hereby makes the following findings and grants the relief set forth below, giving final approval to the Settlement Agreement upon the terms and conditions set forth in this and entering final judgment.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a).

2. The Court finds, for settlement purposes only, that the New York State Law Settlement Class (a/k/a the "Rule 23 Class" as defined in the Settlement Agreement) satisfies the requirements of Fed. R. Civ. P. 23 and is maintainable under Rule 23(b)(3), and that those members of the New York State Law Settlement Class who did not timely and validly exclude themselves from the class in compliance with the opt-out and exclusion procedures set forth in this Settlement Agreement constitute the Final New York State Law Settlement Class, as that term is used in the Settlement Agreement.

3. The Court finds, for settlement purposes only, that the FLSA Settlement Class (a/k/a the "FLSA Class Members" as defined in the Settlement Agreement) satisfies the requirements to be maintainable as a settlement collective action under 29 U.S.C. § 216(b), and that those members who are FLSA Class Members as that term is used in the Settlement Agreement constitute the Final FLSA Settlement Class.

4. Together, the Final New York State Law Settlement Class and the Final FLSA Settlement Class shall be referred to herein, as in the Settlement Agreement, together as the Final Settlement Classes and are finally certified, for final settlement purposes only, to effectuate the terms of the Settlement Agreement.

5. The Settlement Notice, as authorized by the September 2, 2015 Preliminary Approval Order, and as disseminated by the Claims Administrator, adequately informed members of the Settlement Classes of, among other things, the terms of the Settlement Agreement, the process available to them to obtain monetary relief, and informed members of the New York State Law Settlement Class of their right to exclude themselves from the Settlement and to pursue their own remedies, as well as their opportunity to file written objections and to appear and be heard at the December 21, 2015 Final Approval Hearing. Furthermore, the Court finds that the Summary Notice issued pursuant to the Court's November 3, 2015 Order further informed members of the Settlement Classes of the adjourned date for the Final Approval Hearing and of their rights to once again file written objects and to appear and be heard at the adjourned Final Approval Hearing to be held on February 16, 2016. The Court hereby finds that the Settlement Notice and Summary Notice provided satisfied the requirements of Fed. R. Civ. P. 23(e)(1)(B).

6. The Court hereby approves the proposed Settlement Agreement and finds that the settlement is fair, reasonable and adequate to the Plaintiff and all members of the Settlement Classes. The Court finds that sufficient investigation, research and litigation has been conducted such that counsel for the parties are able to evaluate their respective risks of further litigation, including the additional costs and delay associated with the further prosecution of this action. The Court further finds that the Settlement Agreement has been reached as the result of intensive, arms-length negotiations, including mediation with an experienced third-party neutral.

7. In accordance with the Settlement Agreement, Defendants shall provide to the Claims Administrator $725,000.00 to enable the Claims Administrator to satisfy the payment obligations for Class Counsel's Fees and Costs, Service Awards, the Claims Administrator's Fee, and Settlement Payments To Qualified Class Members, within (5) calendar days after the date this Final Approval Order becomes a final unappealable order. The funds provided by Defendants pursuant to this paragraph shall be deposited in a Qualified Settlement Fund. Also in accordance with the Settlement Agreement, the Claims Administrator shall mail Settlement Payments within fifteen (15) calendar days after the date this Final Approval Order becomes a final unappealable order.

8. Service Awards, as set forth in the Settlement Agreement, are approved for Plaintiff Aken Gonqueh in the amount of $13,000.00, Plaintiff Randal Paster in the amount of $12,000.00, and Plaintiff Hans Wolff in the amount of $5,000.00, due to their performance of substantial services for the benefit of the Settlement Classes. Such awards are to be paid from the Maximum Gross Settlement Amount, as specified in the Settlement Agreement.

9. Class Counsel is qualified, experienced, and has successfully litigated this case, thereby demonstrating their adequacy as counsel for the Settlement Classes. As explained on the record during the hearing held on February 16, 2016, Class Counsel shall be awarded thirty-three and one-third percent (33 and 1/3%) of the Maximum Gross Settlement Amount plus costs in the amount of $2,365.65 for a total of $244,032.32 for fair and reasonable attorneys' fees, costs and expenses incurred in the prosecution of this litigation, such award to be paid from the Maximum Gross Settlement Amount in full compromise and satisfaction of all attorneys' fees, costs and expenses incurred by Class Counsel as specified in the Settlement Agreement, and it is ordered that the Claims Administrator shall provide payment of these attorneys' fees, costs and expenses to Fitapelli & Schaffer, LLP within, fifteen (15) calendar days after the date this Final Approval Order becomes a final unappealable order.

The Court finds that this amount is justified by the work performed, risks taken, and results achieved by Class Counsel.

10. The Claims Administrator shall also be paid $20,000.00 (the "Claims Administrator Fees" as defined in Settlement Agreement) from the Maximum Gross Settlement Fund.

11. The Court finds and determines that the payments to be made to the Plaintiffs and Qualified Class Members, as provided in the Settlement Agreement are fair, reasonable and adequate, and gives final approval to and orders that those payments be made to Qualified Class Members and Plaintiffs.

12. Pursuant to the terms of the Settlement Agreement, Plaintiff and all members of the New York State Law Settlement Class agree to forever and completely settle, compromise, release, and discharge the Releasees[1] from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, as defined in their entirety in Sections i through iii below, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under state and/or other applicable law, which any member of the New York State Law Settlement Class has or might have, known or unknown, asserted or unasserted, even if presently unknown and/or unasserted, that occurred from July 30, 2008 through June 1, 2015 (the agreed upon date pursuant to the Settlement Agreement). This Release includes without limitation:

> i.  any and all claims for any wage and hour violations, including but not limited to, any and all claims for unpaid wages, gap time pay, overtime pay, failure to maintain and

---

[1] "Releasees" (or "Released Persons") has the same meaning as it is defined in the Settlement Agreement and refers to the Defendants as well as to each of their present and former parent companies, subsidiaries, heirs, related or affiliated companies and their respective shareholders, officers, directors, employees, members, managers, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them.

    furnish employees with NYLL Annual Wage Notices, wage statements, and other proper wage records;

 ii. any and all claims which were or could have been asserted in the present Litigation, whether known or unknown, under state, and/or local wage and hour laws (including but not limited to the NYLL and New York Code of Rules and Regulations); and

 iii. any and all claims for liquidated damages, interest, and attorneys' fees and costs related to the claims identified above in Sections i through ii.

13. All members of the New York State Law Settlement Class who did not opt out of the Settlement shall release all claims as listed above in paragraph 12, subsections i through iii.

14. Pursuant to the terms of the Settlement Agreement, Plaintiff and all members of the FLSA Settlement Class who endorse their settlement checks as described in the Settlement Agreement agree to forever and completely settle, compromise, release, and discharge the Releasees from any and all past and present matters, disputes, claims, demands, rights, liabilities, expenses, damages, losses of any kind, and causes of action, as defined in their entirety in Sections i through ii below, whether at common law, pursuant to statute, ordinance, or regulation, in equity or otherwise, and whether arising under the FLSA and/or other applicable federal law, which any member of the FLSA Settlement Class has or might have, known or unknown, asserted or unasserted, even if presently unknown and/or unasserted that occurred from July 30, 2012 through June 1, 2015 (the agreed upon date pursuant to the Settlement Agreement). This Release included without limitation:

 i. any and all claims for unpaid overtime wages under federal wage and hour laws; and

 ii. any and all claims for liquidated damages and attorneys' fees and costs related to the claims identified above in Section i.

15. All members of the FLSA Settlement Class who do not endorse their settlement checks pursuant to the Settlement Agreement shall not release all claims listed in Paragraph 14, subsections i through ii.

16. All members of the New York State Law Settlement Class, who did not opt out of the Settlement, and who are also members of the FLSA Settlement Class, that do not endorse their settlement checks pursuant to the Settlement Agreement shall release all claims as listed above in paragraph 12, subsections i through iii but shall not release all claims listed in Paragraph 14, subsections i through ii.

17. This Court enters final judgment on and hereby dismisses the Released Claims (as defined in the Settlement Agreement) on the merits and with prejudice, and without costs to any of the parties as against any other settling party, except as provided in the Settlement Agreement.

18. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret and enforce the Settlement Agreement and this Order.

SO ORDERED.

Dated: February 26, 2016
New York, New York

_____
GREGORY N. WOODS
United States District Judge

9